# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHARLES VAUGHAN, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BANK OF AMERICA, NA., )<br>    Defendant. ) | Civil Action No. 10-0453-KD-N |

**ORDER**

This matter is before the Court on *pro se* Plaintiff's "Petition for Temporary Injunction" (Doc. 1) and Motion for Temporary Restraining Order. (Doc. 2). Plaintiff requests that the Court enter a temporary restraining order ("TRO") and preliminary injunction with regard to the foreclosure of real property (his primary residence) located at 27188 Mirage Lane, Daphne, AL, 36526, currently scheduled for August 19, 2010. (Doc. 1 at 24; Doc. 2 at 2). Plaintiff alleges that he will suffer imminent and irreparable injury if the Defendant is "not enjoined from foreclosing on the property[]" (Doc. 2 at 1), and that he will "suffer loss of use of said property and will loose opportunity to maintain same and defendant will suffer loss by having to maintain an empty property that cannot be insured." (Id. at 2). There is no indication in either the Petition (Doc. 1) or Motion (Doc. 2) that any notice has been issued to Defendant. As such, the Court construes Plaintiff's request as a Petition and TRO *without notice*.

Rule 65(b)(1) of the <u>Federal Rules of Civil Procedure</u> provides threshold requirements for filing and provide specifically, that to obtain a TRO *without notice*, the plaintiff must show:

**(b) Temporary Restraining Order.**

**(1) Issuing Without Notice.** The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED.R.CIV.P. 65(b)(1).

Turning to the substance of Plaintiff's pleadings, the Court assumes arguendo that Plaintiff's signed *pro se* Petition (Doc. 1) is a Verified Complaint. The Court also assumes arguendo that the allegations contained therein (that his primary residence is scheduled to be foreclosed upon on August 19, 2010) state irreparable harm. See Johnson v. U.S. Dept. of Agriculture, 734 F.2d 774, 789 (11th Cir. (Ala) 1984) (providing that "irreparable injury is suffered when one is wrongfully ejected from his home. Real property and especially a home is unique[]").

However, the Court finds that Plaintiff's request is deficient because he has failed to satisfy the requirements of Rule 65(b)(1)(B). This is because Plaintiff has not alleged or asserted that he made any efforts to give notice to Defendant and/or any reasons why such notice should not be required in this case. The only reference he has made as to why the TRO should issue without notice is that the foreclosure of his primary residence is set to occur on August 19, 2010. However, the Plaintiff has not submitted any documentation to show when he received notice of the foreclosure nor has he given any explanation for why he waited until August 17, 2010 at 10:00 p.m. – less than 48 hours before the foreclosure date -- to file the Verified Complaint (Doc. 1 at 1). "The requirements of Rule 65(b)(1) are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process. See Austin v. Altman, 332 F.2d 273, 275 (2d Cir. 1964);

see also Jourdan v. Jabe, 951 F.2d 108, 109-10 (6th Cir. 1991) (holding that a *pro se* litigant is not entitled to special consideration with respect to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer)." Tchienkou v. Net Trust Mortg., Slip Copy, 2010 WL 2375882, *1 (W.D. Va. Jun. 9, 2010). See also e.g., Martin v. Puckett, 2008 WL 4545331, *3 (N.D. Ind. 2008); Conroy v. Avalos, 2008 WL 752613, *4 (D. Ariz. Mar. 19, 2008). As such, although the Court has construed Plaintiff's *pro se* pleadings liberally, *pro se* status does not excuse him from the obligation to comply with substantive law and procedural rules, and his failure to provide said information, as required under Rule 65(b)(1)(B), is fatal to his request.

Accordingly, because Plaintiff has failed to comply with the requirements of Rule 65(b)(1), it is **ORDERED** that his motion for a TRO without notice is **DENIED.**

However, as to Plaintiff's motion concerning a TRO with notice, it is **ORDERED** that a **hearing will be held on August 25, 2010 at 1:00 p.m**. in Courtroom 5-A of the United States District Court, 113 St. Joseph St., Mobile, Alabama, 36602.[1] The Clerk is **ORDERED** to issue a copy of this Order as well as notice of this setting to Defendant Bank of American, N.A., **via overnight express mail**, at the address provided by Plaintiff (Doc. 2-2 at 1): **Bank of America, N.A., 100 North Tryon Street, Charlotte, NC, 28202.** The Clerk is also **ORDERED** to issue a copy of this Order as well as notice of this setting to Defendant Bank of America, N.A., **via CM/ECF email notification** to Sandy Robinson, Esq. c/o Cabaniss, Johnston, Gardner, Dumas & O'Neal, at **sgr@cabaniss.com**.[2]

---

1 Any attempt to have a hearing before the August 19, 2010 foreclosure, to allow the Plaintiff to supplement his pleadings on the issue of notice, is not possible. Plaintiff did not provide the Court with any reasonable means of contacting him through any form of immediate communication (i.e., telephone number or email).

2 While Bank of America, N.A. has not appeared in this case, the Court has reviewed recent cases which have involved Bank of America, N.A. in this Court, and noted that Sandy Robinson has recently appeared as an attorney

3

**DONE** and **ORDERED** this the **18th** day of **August 2010.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

of record for Bank of America, N.A.