IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES VAUGHAN, JR.,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | Civil Action No. 10-00453-KD-N |
| BANK OF AMERICA, NA.,<br>    Defendant. | )<br>)<br>) | |

**ORDER**

This matter came before the Court on this date for a hearing concerning *pro se* Plaintiff's "Petition for Temporary Injunction" (Doc. 1) and Motion for Temporary Restraining Order (Doc. 2), as well as the Defendant Bank of America, N.A.'s Response in Opposition (Doc. 7).

On August 17, 2010, Plaintiff moved for the Court to enter a temporary restraining order ("TRO") and preliminary injunction with regard to the foreclosure of real property (his primary residence) located at 27188 Mirage Lane, Daphne, AL, 36526, scheduled for August 19, 2010. (Doc. 1 at 24; Doc. 2 at 2). Plaintiff alleges that he will suffer imminent and irreparable injury if the Defendant is "not enjoined from foreclosing on the property[]" (Doc. 2 at 1), and that he will "suffer loss of use of said property and will loose opportunity to maintain same and defendant will suffer loss by having to maintain an empty property that cannot be insured."   (Id. at 2).

In response, Defendant Bank of America states that the initial foreclosure date of June 25, 2010 was canceled in light of Plaintiff's written dispute and that no foreclosure took place on August 19, 2010, as alleged by Plaintiff and moreover, that no future foreclosure sale has been scheduled.   (Doc. 7 at 1).

In order to be eligible for temporary restraining or preliminary injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, a movant must establish each of the following elements: 1) that there is a substantial likelihood of success on the merits; 2) that irreparable

injury will be suffered if the relief is not granted; 3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and 4) that entry of the relief would serve the public interest. FED.R.CIV.P. 65.  See KH Outdoor, LLC v. City of Trussville, 458 F.3d 1261, 1268 (11th Cir. 2006); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-1226 (11th Cir. 2005).  All four (4) prongs of the Rule 65 inquiry must be satisfied by a movant for a TRO or preliminary injunction.

The Eleventh Circuit has stressed that "[a] showing of irreparable injury is the sine qua non of injunctive relief" and that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).

In light of the cancellation of the foreclosure sale, Plaintiff does not state a *prima facie* case for preliminary injunctive relief.  Specifically, the Plaintiff is unable to adequately show the presence of immediate, irreparable harm to warrant the Court's issuance of a Temporary Restraining Order.  Accordingly, Plaintiff's motion (Doc. 2) is **MOOT** at this time.[1]

**DONE** and **ORDERED** this the **25th** day of **August 2010.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] At the hearing the Plaintiff did not contest the fact that there is no foreclosure set at this time.  Thus, Plaintiff agreed that his TRO request is moot.