212
213    Charles C Vaughan Jr.
214    27188 Mirage Lane
215    Daphne   AL  36526

216             UNITED STATES DISTRICT COURT

217        SOUTHERN DISCTRIC OF ALABAMA    FILED OCT 7 '10 AM 10:48 USDCALS

218

**Charles C Vaughan Jr.**          Case# CV-2010-453 - KD-N

Plaintiff,

        vs.                            **MOTION FOR RULE 11**

                                          **SANCTIONS**

**Bank Of America, NA**

Defendant

                                    Date: October 07, 2010

219

220             PLAINTIFF'S MEMORANDUM IN

221        SUPPORT OF MOTION FOR RULE 11 SANCTIONS

222        Plaintiff asks the court to impose sanctions against Kenneth S. Steely Defendant, hereinafter

223    referred to counsel for Defendant, for filing Defendants Answer in violation of Federal Rule of

224    Civil Procedure 11(b).

225                        A.  Introduction

226    1.    Plaintiff is Charles C Vaughan defendant is Bank Of America, NA.

227    2.    Plaintiff sued defendant for numerous violations including but not limited to violations

228        of the Truth In ending Act, The Real Estate Settlement Procedures Act, The Home equity

229        Protection Act, Fraud, Common law Fraud, Breach of Fiduciary duties, .Et Al.

230    3.    On September 16, 2010 counsel for Defendant filed defendants answer.

231                        B.  Argument

232    5.    The court may impose sanctions on a party, an attorney, or a law firm, for presenting a

233    pleading, written motion, or other paper for an improper purpose, such as to harass or cause

234   unnecessary delay or expense.  Fed. R. Civ. P. 11(b)(1), (c)(1).  Also, the court may impose
235   sanctions on a party, an attorney, or a law firm, for presenting a pleading, written motion, or
236   other paper that includes any of the following:  (1) claims, defenses,  or contentions not
237   warranted by existing law or by a good-faith argument for extending, modifying, or reversing
238   existing law or for establishing new law; (2) allegations that do not have, or are unlikely to have
239   after a reasonable investigation, evidentiary support; or (3) denials unwarranted by the evidence.
240   Fed. R. Civ. P. 11(b)(2)-(4), (c)(1).

241       6.   counsel for Defendant's filing of "Defendants Answer" violated Rule 11 because
242   counsel for Defendant filed the document for an improper purpose, such as to harass, cause an
243   unnecessary delay, or needlessly increase the cost of litigation.  Fed. R. Civ. P. 11(b)(1);
244   *Mercury Air Group, Inc. v. Mansour*, 237 F.3d, 542, 548 (5th Cir. 2001).  Specifically, The
245   answer or affirmative defenses make bald allegations that claims are stated improperly, claims
246   are time barred due to limitation on statutory procedure, and that the court lacks jurisdiction over
247   the Defendant.  However, the Defendant failed to offer any further information as to HOW his
248   defenses are justified, or how Plaintiff specifically failed to meet Federal Rules of Civil
249   Procedure. This is seemingly a waste of time, and intentionally done to cause unnecessary delay,
250   and cost to the Plaintiff.

251       7.   Before imposing sanctions, the court should determine whether the party or the attorney
252   made a reasonable inquiry into the facts or the law before signing and presenting the document.
253   *See* Fed. R. Civ. P. 11(b); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1364-65 (9th
254   Cir. 1990).  The court should impose sanctions against counsel for Defendant  because he did not
255   make a reasonable inquiry into the facts or law before filing the answer He offered no court
256   cases, information, rules or procedures as to how, why, or what specifically failed to meet the
257   criteria he uses as a defense.

258       8.   The court should impose the following sanctions:  Monetary Sanctions, and Striking Of
259   Pleadings of the defendant. The requested sanctions are sufficient to deter repetition of the
260   sanctionable conduct. Fed. R. Civ. P. 11(c)(4); *Fries v. Helsper*, 146 F.3d 452, 458-59 (7th Cir.
261   1998).  Plaintiffs suit makes very strong claims and allegations, which can be proved through
262   discovery, and demands that his complaint be taken seriously. Counsel for Defendant failed to
263   address the suit with specificity, and by the court allowing sanctions in this case, the counsel will
264   take the case with serious intention.

RESPONSE TO RULE 12 MOTION  &  MOTIONS FOR SANCTIONS          9 of 12

265

## C. Conclusion

266

267   9.   Defendants answer failed to address with specificity, as to why the defenses counsel for

268   Defendant used, were valid. They are wasting the time of the Plaintiff and the Court, and are

269   shadowing the seriousness of the case at hand. For these reasons, Plaintiff asks the court to

270   impose sanctions of a monetary amount to be determined by the court, and a Striking of

271   Defendants answer in its entirety.

272

273   **Respectfully Submitted,**

274

275

276   Charles **C Vaughan Jr.**

277

278

279

280

281

282

283

284

285

286

287

288

289

290

291

292

293

294

295

296

297

298                              **VERIFICATION**
299

300

301   I, Charles C Vaughan Jr, do swear and affirm that all statements made herein are true and
302   accurate, in all respects, to the best of my knowledge.

303    Charles Vaughan Jr.
304    27188 Mirage Lane
305    Daphne, AL 36526

306

307   SWORN TO AND SUBSCRIBED BEFORE ME, *Rosalee Wallsmith* by *Charles Vaughan, Jr.*
308   _____, on the __7__ day of __October__ 2010, which witnesses my hand and seal of office.

309

310                    *Rosalee Wallsmith*

311                    **NOTARY PUBLIC IN AND FOR**

312                    **THE STATE OF ALABAMA**

313                    Exp   08/16/2014

314

315

316

317

318

319

320

321

322

323

324

325

326

327

328

329

330

331

332

333

334

RESPONSE TO RULE 12 MOTION  &  MOTIONS FOR SANCTIONS          11 of 12

CERTIFICATE OF SERVICE

335

336  I, Charles C Vaughan Jr, do swear and affirm that I have served a signed copy of this Response
337  to Rule 12 motion & Motion For Sanctinsr to any and all defendants by way of U.S.P.S.
338  Certified mail # 7009 1410 0000 6796 8831 and return receipt, regular mail. Date of October 07,
339  2010

340
341
342  _Charles C Vaughan Jr._
343  Charles C Vaughan Jr.
344  27188 Mirage Lane
345  Daphne   AL 36526
346

347  The Person above, who proved to me on the basis of satisfactory evidence to be the person

348  whose name is subscribed to this document and acknowledged to me that he/she executed the

349  same in his authorized capacity and that by his signature on this instrument who is the person

350  who executed this instrument.

351  I certify under PENALTY OF PERJURY under the laws of this State that the foregoing

352  paragraph is true and correct.

353

354  Witness my hand and official seal.

355

356  _____        _____

357  **NOTARY PUBLIC IN AND FOR**                    **Notary Seal**

358  **THE STATE OF ALABAMA**

359  Exp  08/16/2014

360

361

362

363

364

365

366

367

368

369

RESPONSE TO RULE 12 MOTION   &   MOTIONS FOR SANCTIONS          12 of 12

OMB NO. 2502-0265

| A. | | B. PE OF LOAN: | | |
|---|---|---|---|---|
| U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT | 1. ☐ FHA  2. ☐ FmHA  3. ☒ CONV. UNINS.  4. ☐ VA  5. ☐ CONV. INS. | | | |
| SETTLEMENT STATEMENT | 6. FILE NUMBER: 254/16022 | | 7. LOAN NUMBER: 47342871 | |
| | 8. MORTGAGE INS CASE NUMBER: | | | |

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "[POC]" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.
1.0  3/86   (vaughanchar,pfd254/16022/17)

| D. NAME AND ADDRESS OF BORROWER: | E. NAME AND ADDRESS OF SELLER: | F. NAME AND ADDRESS OF LENDER: |
|---|---|---|
| Charles C. Vaughan, Jr. 27188 Mirage Lane Daphne, AL 36526 | | America's Wholesale Lender 100 Concourse Parkway, Suite 100 Birmingham, AL 35244 |

| G. PROPERTY LOCATION: | H. SETTLEMENT AGENT: 03-0498055 | I. SETTLEMENT DATE: |
|---|---|---|
| 27188 Mirage Lane Daphne, AL 36526 Baldwin County, Alabama | Pierce Ledyard, PC  PLACE OF SETTLEMENT  3801 Airport Boulevard Mobile, AL 36608 | January 21, 2004  Disburse:01/26/04 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract Sales Price | | 401. Contract Sales Price | |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to Borrower (Line 1400) | 6,573.12 | 403. | |
| 104. Payoff first mortgage to Small Business Management | 200,345.27 | 404. | |
| 105. | | 405. | |
| *Adjustments For Items Paid By Seller in advance* | | *Adjustments For Items Paid By Seller in advance* | |
| 106. City/town taxes          to | | 406. City/town taxes          to | |
| 107. County taxes          to | | 407. County taxes          to | |
| 108. Assessments          to | | 408. Assessments          to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 206,918.39 | **420. GROSS AMOUNT DUE TO SELLER** | |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | | 501. Excess Deposit (See Instructions) | |
| 202. Principal Amount of New Loan(s) | 206,502.00 | 502. Settlement Charges to Seller (Line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first Mortgage | |
| 205. Credit/Appr/C.R./Broker | 2,289.64 | 505. Payoff of second Mortgage | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| *Adjustments For Items Unpaid By Seller* | | *Adjustments For Items Unpaid By Seller* | |
| 210. City/town taxes          to | | 510. City/town taxes          to | |
| 211. County taxes          to | | 511. County taxes          to | |
| 212. Assessments          to | | 512. Assessments          to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 208,791.64 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301. Gross Amount Due From Borrower (Line 120) | 206,918.39 | 601. Gross Amount Due To Seller (Line 420) | |
| 302. Less Amount Paid By/For Borrower (Line 220) | 208,791.64) | 602. Less Reductions Due Seller (Line 520) | ( ) |
| **303. CASH ( FROM ) ( X TO ) BORROWER** | 1,873.25 | **603. CASH ( TO ) ( FROM ) SELLER** | 0.00 |

The undersigned hereby acknowledge receipt of a completed copy of pages 1&2 of this statement & any attachments referred to herein.
I HAVE CAREFULLY REVIEWED THE HUD-1 SETTLEMENT STATEMENT AND TO THE BEST OF MY KNOWLEDGE AND BELIEF, IT IS A TRUE AND ACCURATE STATEMENT OF ALL RECEIPTS AND DISBURSEMENTS MADE ON MY ACCOUNT OR BY ME IN THIS TRANSACTION. I FURTHER CERTIF THAT I HAVE RECEIVED A COPY OF THE HUD-1 SETTLEMENT STATEMENT.

Borrower                                          Seller

Charles C. Vaughan, Jr.

TO THE BEST OF MY KNOWLEDGE, THE HUD-1 SETTLEMENT STATEMENT WHICH I HAVE PREPARED IS A TRUE AND ACCURATE ACCOUNT OF TH FUNDS WHICH WERE RECEIVED AND HAVE BEEN OR WILL BE DISBURSED BY THE UNDERSIGNED AS PART OF THE SETTLEMENT OF THIS TRANSACTION.

Pierce Ledyard, PC
Settlement Agent

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPO CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE: TITLE 18 U.S. CODE SECTION 1001 & SECTION 1010.

## L. SETTLEMENT CHARGES

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| **700. TOTAL COMMISSION Based on Price** $          @          % | | | |
| *Division of Commission (line 700) as Follows:* | | | |
| 701. $          to | | | |
| 702. $          to | | | |
| 703. Commission Paid at Settlement | | | |
| 704.          to | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | |
| 801. Loan Origination Fee   0.9635 %   to  Magnolia Mortgage Company, LLC | | 1,989.64 | |
| 802. Loan Discount          %   to | | | |
| 803. Appraisal Fee          to  Magnolia Mortgage Company, LLC | | 300.00 | |
| 804. Credit Report          to  Magnolia Mortgage Company, LLC | | 50.00 | |
| 805. Processing Fee          to  Magnolia Mortgage Company, LLC | | 46.00 | |
| 806. Re-Inspection Fee          to  Magnolia Mortgage Company, LLC | | 75.00 | |
| 807. Courier Fee          to  Magnolia Mortgage Company, LLC | | 50.00 | |
| 808. Flood Check          to  Landsafe Flood | | 25.00 | |
| 809. Tax Service Fee          to  Countrywide Tax Service | | 60.00 | |
| 810. Document Prep/Underwriting          to  American's Wholesale Lender          225/300 | | 525.00 | |
| 811. Broker Premium          to  Magnolia Mortgage Company, LLC          POC $1,806.89 L | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | |
| 901. Interest From  01/26/04  to  02/01/04    @  $    32.530000/day   (  6 days   5.7500%) | | 195.18 | |
| 902. Mortgage Insurance Premium          months | | | |
| 903. Hazard Insurance Premium   1.0 years   to Owners Insurance Company          6101 Anacapri Blvd. | | 1,720.20 | |
| 904. 2003 Property Taxes          1.0 years   to Baldwin County Tax Collector | | 225.59 | |
| 905. | | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | |
| 1001. Hazard Insurance          3.000 months  @  $      143.35 per month | | 430.05 | |
| 1002. Mortgage Insurance          months  @  $          per month | | | |
| 1003. City/town taxes          months  @  $          per month | | | |
| 1004. County taxes          5.000 months  @  $      18.20 per month | | 91.00 | |
| 1005. Assessments          months  @  $          per month | | | |
| 1006. 2003 Property Taxes          months  @  $          per month | | | |
| 1007.          months  @  $          per month | | | |
| 1008. Aggregate Adjustment          months  @  $          per month | | -36.44 | |
| **1100. TITLE CHARGES** | | | |
| 1101. Settlement or Closing Fee          to  Pierce Ledyard, PC | | 200.00 | |
| 1102. Abstract or Title Search          to | | | |
| 1103. Title Examination          to | | | |
| 1104. Title Insurance Binder          to | | | |
| 1105. Document Preparation          to  Pierce Ledyard, PC | | 80.00 | |
| 1106. Overnight Courier Fees          to  Pierce Ledyard, PC | | 15.00 | |
| 1107. Attorney's Fees          to  Pierce Ledyard, PC | | | |
| *(includes above item numbers:*          ) | | | |
| 1108. Title Insurance          to  The Guarantee Title Company, L.L.C.          04-109 | | 150.00 | |
| *(includes above item numbers:*          ) | | | |
| 1109. Lender's Coverage          $     206,502.00 | | | |
| 1110. Owner's Coverage          $ | | | |
| 1111. | | | |
| 1112. | | | |
| 1113. | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | |
| 1201. Recording Fees:  Deed $          ; Mortgage $     46.00;          Releases $     26.00 | | 72.00 | |
| 1202. City/County Tax/Stamps: Deed          ; Mortgage | | | |
| 1203. State Tax/Stamps:          Revenue Stamps          ; Mortgage          309.90 | | 309.90 | |
| 1204. | | | |
| 1205. | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | |
| 1301. Survey          to | | | |
| 1302. Pest Inspection          to | | | |
| 1303. | | | |
| 1304. | | | |
| 1305. | | | |
| **1400. TOTAL SETTLEMENT CHARGES  (Enter on Lines 103, Section J and 502, Section K)** | | 6,573.12 | |

By signing page 1 of this statement, the signatories acknowledge receipt of a completed copy of page 2 of this two page statement

Certified to be a true copy.

*Gloria Graham*

Pierce Ledyard, PC
Settlement Agent

*COPY EXHIBIT 2* (handwritten)

Prepared by: MELODY TRUCKS

# TRUTH IN LENDING DISCLOSURE STATEMENT
## (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

LENDER: AMERICA'S WHOLESALE LENDER

4500 Park Granada
Calabasas, CA 91302

☐ Preliminary   ☒ Final

DATE 01/21/2004

BORROWERS: CHARLES C VAUGHAN JR

LOAN 047342871
CASE NO.
Type of Loan CONV UNINSURED
Conf Fixed 30 Fast & Easy Loan

ADDRESS           27188 MIRAGE LANE
CITY STATE / ZIP  DAPHNE, AL 36526
PROPERTY          27188 MIRAGE LANE
                  DAPHNE, AL 36526

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 5.901 % | $ 230,670.53 | $ 203,161.18 | $ 433,831.71 |

PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|
| 359 | 1,205.09 | MONTHLY BEGINNING 03/01/2004 |
| | 1,205.40 | LAST PAYMENT DUE 02/01/2034 |

DEMAND FEATURE:  ☒  This loan does not have a Demand Feature.   ☐ This loan has a Demand Feature as follows:

VARIABLE RATE FEATURE:
☐ This loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

SECURITY: You are giving a security interest in the property located at:
27188 MIRAGE LANE, DAPHNE, AL 36526

ASSUMPTION: Someone buying this property  ☒ cannot assume the remaining balance due under original mortgage terms
☐ may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

PROPERTY INSURANCE: Hazard insurance, including flood insurance if the property is in a Special Flood Hazard Area, is required as a condition of this loan. You may obtain the insurance coverage from any insurance company acceptable to the lender. Complete details concerning insurance requirements will be provided prior to loan closing.

LATE CHARGES: If your payment is more than 15 days late, you will be charged a late charge of 5.000 % of the overdue payment.

PREPAYMENT: If you pay off your loan early, you
☐ may   ☒ will not   have to pay a penalty.
☐ may   ☒ will not   be entitled to a refund of part of the finance charge.
See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.
e means estimate

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

_Charles C Vaughan J_ 1-21-04  BORROWER/DATE          _____ BORROWER/DATE

CHARLES C VAUGHAN JR

_____ BORROWER/DATE          _____ BORROWER/DATE

FHA/VA/CONV
Truth in Lending Disclosure
2C298-US (01/03)(d)

Page 1 of 2



