UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES VAUGHAN, JR., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 10-0453-KD-N |
| | ) | |
| BANK OF AMERICA, | ) | |
| | ) | |
|     Defendant. | ) | |

## REPORT AND RECOMMENDATION

This action is before the court as a result of plaintiff's failure to abide by the court's orders. This matter has been referred to the undersigned for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(a).

On August 17, 2010 plaintiff Charles Vaughn, proceeding *pro* se, filed a complaint against defendant Bank of America. (Doc. 1)[1] On September 14, 2010, defendant filed a Motion to Dismiss or for More Definite Statement (doc. 9), citing lack of allegations against the defendant and other deficiencies. Plaintiff responded, stating that he was willing to provide a more definite statement. (Doc. 15 at p. 6) By order dated January 3, 2011, (doc. 18) the undersigned granted the Motion for More Definite Statement and ordered plaintiff to file a proposed amended complaint no later than January 24, 2011. The undersigned explained that the plaintiff's diatribe against the mortgage industry in his original complaint was unnecessary and

---

[1] Plaintiff contemporaneously filed a motion for a Temporary Restraining Order. (Doc. 2) On August 18, 2010 the District Judge entered an order denying the motion as to the TRO without notice and set a hearing as to the TRO with notice. (Doc. 3) On August 25, 2010 after conducting a hearing on the matter, the court deemed the motion moot, on the grounds, in sum, that defendant Bank of America canceled the foreclosure date in light of plaintiff's written dispute. (Doc. 8)

confusing and ordered him to comply with the requirement of Rule 8 of the Federal Rules of Civil Procedure that the complaint contain a short, plain statement of his claim.

On January 19, 2011, plaintiff filed a document entitled an "Affidavit of Truth" (doc. 19) which contained various documents related to his pre-filing efforts to obtain information from BAC Home Loans Servicing, an entity not a party to this suit. On February 15, 2011, the court entered a second order (doc. 20), pointing out that the Affidavit was insufficient to comply with the order directing him to amend his complaint; nonetheless, because plaintiff is proceeding pro se, the court allowed him a second opportunity to comply with the court's order, and a new deadline of March 8, 2011 was set. The court again expressly warned plaintiff that, if he did not file his proposed amended complaint by that date, the undersigned would recommend that this action be dismissed without prejudice. (Doc. 20)

On March 4, 2011 plaintiff filed a second "Affidavit of Truth". (Doc. 21) This filing does not comply with the court's directive. Rather, the affidavit merely piles additional details on top of those previously submitted, in a form other than that ordered by the court. As the court previously held:

> [t]he original complaint includes allegations concerning the entire loan industry, which plaintiff included by way of 'context' for his allegations against this defendant. Such allegations are not only unnecessary, they cause confusion for parties and the court attempting to identify the relevant contentions.

Doc. 18. Plaintiff's new recitations do not make the claims clearer and fail to satisfy plaintiff's responsibility under the court's orders.

Notwithstanding the court's clear directive, plaintiff has failed to obey two court orders and submit a proper complaint. Plaintiff has received notice on two separate occasions that his lack of compliance with this court's orders would result in the dismissal of his case. *See* Docs. 18, 20. Therefore, because of plaintiff's failure to comply with this court's orders and to

prosecute this action, and upon consideration of the alternatives which are available to the court, the court finds that plaintiff has abandoned his claims and this action should be dismissed *without prejudice* pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash Railroad Co., 370 U.S. 626, 630, 82 S.Ct. 1386 (1962) (interpreting Rule 41(b) not to restrict the Court's inherent authority to dismiss sua sponte an action for lack of prosecution); Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989) *cert. denied*, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S.Ct. 1145 (1990); Mingo v. Sugar Cane Growers Co op of Florida, 864 F.2d 101 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983); Davis v. Jones, C. A. No.90 0658 BH S (S.D. Alabama June 17, 1993) (dismissal for failure to prosecute), aff'd., 15 F.3d 1096 (11th Cir. 1995) (Table Citation).

Accordingly, it is hereby RECOMMENDED that this action be DISMISSED *without prejudice* for failure to comply with the orders of this court. Plaintiff's repeated failure to accept a less-onerous remedy has rendered this course of action necessary; no lesser sanction is sufficient.

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this the 17th day of March, 2011.


/s/   Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added) A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE